UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW CAINION,<br><br>     Plaintiff,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>     Defendants. | CASE NO. C15-5912 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A.'s ("Wells Fargo") (collectively "Defendants") motion to dismiss (Dkt. 10).

On November 17, 2015, Plaintiff Andrew Cainion ("Cainion") filed a complaint against Defendants and Foundation Mortgage Company, Inc. in Clark County Superior Court for the State of Washington. Dkt. 1, Exh. A. Cainion asserts causes of action for unlawful foreclosure in violation of RCW 61.24.040, violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617 ("RESPA"), breach of contract, and unfair business practices in violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). *Id.*

1     On December 15, 2015, Defendants removed the matter to this Court.  Dkt. 1.

2     On March 10, 2015, Defendants filed the instant motion to dismiss.  Dkt. 10.

3 Cainion did not respond, which the Court considers as an admission that the motion has

4 merit.  Local Rules, W.D. Wash. LCR 7(b)(2).

5     Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

6 Procedure may be based on either the lack of a cognizable legal theory or the absence of

7 sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

8 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

9 complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

10 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

11 factual allegations but must provide the grounds for entitlement to relief and not merely a

12 "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

13 *Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiff must allege "enough facts to state a

14 claim to relief that is plausible on its face." *Id*. at 1974.

15     With regard to Cainion's unlawful foreclosure claim, Defendants argue that the

16 claim has been waived.  Dkt. 10 at 6–7.  Under Washington law, a waiver of a postsale

17 contest occurs when "a party (1) received notice of the right to enjoin the sale, (2) had

18 actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3)

19 failed to bring an action to obtain a court order enjoining the sale." *Frizzell v. Murray*,

20 179 Wn.2d 301, 306–07 (2013) (quoting *Plein v. Lackey*, 149 Wn.2d 214, 229 (2003)).

21 Cainion (1) had notice of the trustee sale and his right to enjoin the sale (Dkt. 1-1, Exh.

22 C), (2) had at least constructive knowledge of the defense of failure to comply with the

Washington Deed of Trust Act, and (3) failed to file an action to enjoin the sale, which occurred on January 9, 2015. Therefore, the Court grants Defendants' motion on this claim and dismisses it with prejudice.

With regard to Cainion's RESPA claim, Defendants argue that it is barred by the one-year statute of limitations. Dkt. 10 at 8–9. The Court agrees because the relevant transfer occurred in January 2014 and Cainion filed this suit in November 2015, which is clearly more than one year after the relevant transfer. Therefore, the Court grants Defendants' motion on this claim and dismisses it with prejudice.

With regard to Cainion's contract claim, Defendants argue that it is barred because Cainion failed to comply with the notice and cure provision of the relevant contract. Dkt. 10 at 10–12. Washington law is clear that parties are required "to follow dispute resolving methods they have contracted to before they may resort to the courts." *Yaw v. Walla Walla Sch. Dist. No. 140*, 106 Wn.2d 408, 411 (1986); *see also Tombs v. Northwest Airlines, Inc.*, 83 Wn.2d 157, 162 (1973) ("[w]here the agreement provides for a method of resolving disputes that may arise between the parties, that method must be pursued before either party can resort to the courts for relief."). The Court agrees with Defendants that Cainion is barred from requesting the Court to enforce provisions of the contract when Cainion failed to comply with the notice and cure clause. Therefore, the Court grants Defendants' motion on this claim and dismisses it with prejudice.

Finally, with regard to Cainion's CPA claim, Defendants argue that it is partially time barred and, for the remainder of the claims, Cainion failed to allege sufficient facts to support the claim. Dkt. 10 at 12–17. The Court agrees with the latter proposition.

Although Defendants argue that any amendment would be futile, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While it is unlikely that Cainion may cure the deficiencies in his CPA claim, Defendants have failed to show that it is "clear" the complaint could not be saved by any amendment of the factual allegations. Therefore, the Court grants Defendants' motion on this claim and dismisses it without prejudice. Cainion is granted leave to amend his CPA claim to cure the deficiencies identified by Defendants. Failure to file an amended complaint by April 22, 2016 will result in dismissal of Cainion's CPA claim with prejudice on the merits, for failure to follow a Court order, and for failure to prosecute. The Clerk shall enter such dismissal without further order of the Court.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge